UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50166 |
| Plaintiff-Appellee, | D.C. No. 5:21-cr-00092-FMO-1 |
| v. | Central District of California, Riverside |
| DEVIN JAMES MILLENDER, | ORDER |
| Defendant-Appellant. | |

Before: FRIEDLAND and LEE, Circuit Judges.\*

The Memorandum Disposition filed on March 4, 2026, is amended, and the amended Memorandum Disposition is filed concurrently with this order. With this order, the panel unanimously votes to deny the petition for panel rehearing. The petition for rehearing is **DENIED**.

No further petition for rehearing may be filed.

---

\* Judge Ikuta, who died on December 7, 2025, was originally a member of the panel in this case. In accordance with General Order 3.2(h), this order is issued by the remaining panel members as a quorum pursuant to 28 U.S.C. § 46(d).

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>DEVIN JAMES MILLENDER,<br><br>    Defendant-Appellant. | No.    22-50166<br><br>D.C. No.<br>5:21-cr-00092-FMO-1<br><br>AMENDED<br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted September 9, 2024
Submission Vacated November 27, 2024
Resubmitted March 4, 2026
Pasadena, California

Before: FRIEDLAND and LEE, Circuit Judges.**

After pleading guilty to violating 18 U.S.C. § 922(g), Devin James

Millender received a mandatory 15-year sentence pursuant to the Armed Career

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      Judge Ikuta, who died on December 7, 2025, was originally a member of the panel in this case.  In accordance with General Order 3.2(h), this memorandum disposition is issued by the remaining panel members as a quorum pursuant to 28 U.S.C. § 46(d).

Criminal Act ("the ACCA"). 18 U.S.C. § 924(e)(1). The district court found that Millender had three prior felony convictions under California Penal Code Sections 245(a)(4), 273.5(a), and 273.5(f)(1) and held that those convictions were "violent felon[ies]" under the ACCA. *See id.* (stating that a person who "has three previous convictions . . . for a violent felony . . . shall be fined under this title and imprisoned not less than fifteen years"). Millender argues that his prior convictions are not violent felonies. We vacate Millender's sentence and remand for further proceedings.

1. Millender's assault conviction under California Penal Code Section 245(a)(4) is not a violent felony within the meaning of 18 U.S.C. § 924(e)(1). *See United States v. Gomez*, 165 F.4th 1199, 1203 (9th Cir. 2026) (en banc) (holding that "a conviction under California Penal Code § 245(a)(1) does not qualify as a crime of violence" under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1(a)); *compare* U.S.S.G. § 4B1.2 (U.S. Sent'g Comm'n 2023) (defining "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* 18 U.S.C. § 924(e)(2)(B)(i) (defining "violent felony" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

2. Millender's convictions for inflicting corporal injury on a spouse or

2

cohabitant under California Penal Code Section 273.5, however, are violent felonies under the ACCA. In *Olea-Serefina v. Garland*, 34 F.4th 856 (9th Cir. 2022), we held that California Penal Code Section 273d(a)—a closely analogous statute to California Penal Code Section 273.5 that requires that a defendant "willfully inflict[]" injury to a victim—is a crime of violence under 18 U.S.C. § 16(a). *Id.* at 865; *see also United States v. Borden*, 593 U.S. 420, 427 (2021) (explaining that 18 U.S.C. § 16(a)'s definition of "crime of violence" is "relevantly identical" to 18 U.S.C. § 924(e)(2)(B)(i)'s definition of "violent felony"). In doing so, we explained that California courts interpret the phrase "willfully inflicts" in both Section 273d(a) and Section 273.5 to "require[] 'a direct application of force by the defendant upon the victim.'" *Olea-Serefina*, 34 F.4th at 865 (quoting *People v. Jackson*, 91 Cal. Rptr. 2d 805, 808-09 (Ct. App. 2000)); *see also id.* (equating "'willful[]' infliction of an injury" with "the intentional application of physical force"). That is sufficient to satisfy the requirements for a violent felony. *See Borden*, 593 U.S. at 429 (holding that the ACCA requires the "use of physical force against the person of another" with a mens rea greater than recklessness).

3. The Government contends that Millender had three prior convictions under Section 273.5, which it argues makes harmless the error in treating the Section 245(a)(4) conviction as a violent felony. Millender was eligible for his sentence because the district court found that he had "three previous

3

convictions . . . for a violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In its recommendation regarding the ACCA enhancement, the Presentence Report ("PSR") relied on only three prior convictions—one under California Penal Code Section 245(a)(4) and two under Section 273.5. Although the PSR and record subsequently indicated that Millender had a third Section 273.5 conviction, the district court did not rely on that conviction in applying the enhancement. In light of the district court's reliance on the Section 245(a)(4) conviction, as well as a discrepancy in the PSR between the date of arrest and the date of offense for one of the Section 273.5 convictions, we are unable to conclude that the error was harmless.[1]

**SENTENCE VACATED and REMANDED for further proceedings.**

---

[1] On remand, the Government is free to attempt to prove that Millender still has three qualifying convictions and remains eligible for his original sentence. We note, however, that under *Erlinger v. United States*, 602 U.S. 821 (2024), Millender is entitled to have a jury resolve "unanimously and beyond a reasonable doubt" that the qualifying offenses happened on three separate occasions. *Id.* at 835.